Filed 6/26/24  Gentino v. Yaghoobia CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT GENTINO,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BIZHAN YAGHOOBIA,<br><br>Defendant and Appellant. | B324932<br><br>(Los Angeles County<br>Super. Ct. No. 22STCV11122) |

APPEAL from an order of the Superior Court of Los Angeles County, Gail Killefer, Judge.  Affirmed.

Law Offices of Frank A. Weiser and Frank A. Weiser for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Bizhan Yaghoobia appeals from a trial court order denying his special motion to strike the claims against him in a complaint filed by Robert Gentino, Trustee of the BN Family Trust Dated June 5, 2000.  We affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2018, Gentino filed a lawsuit against Yaghoobia, Bob Termechi, and several Doe defendants.  The action concerned real property in Long Beach, California.  Gentino's complaint asserted a claim against Yaghoobia for conversion, sought a partition sale of the property, and demanded an accounting of the property's income and expenses.  In 2021, the trial court dismissed the complaint without prejudice after concluding Gentino failed to demonstrate an ownership interest in the property.

In April 2022, Gentino filed a second lawsuit against Yaghoobia, Termechi, and Doe defendants.  The lawsuit again concerned the Long Beach property and asserted claims against Yaghoobia for partition of the property; breach of constructive trust, alleging Yaghoobia failed to properly distribute income from the property; and an accounting of the property's income and expenses.

Yaghoobia filed a special motion to strike the claims against him under Code of Civil Procedure section 425.16.[1]  He argued the claims arise from protected petitioning activity because they are identical to claims from the first lawsuit. Yaghoobia also contended Gentino was estopped from taking positions inconsistent with those he took in the earlier lawsuit. Gentino opposed the motion, arguing the claims against

---

[1]     All subsequent undesignated statutory references are to the Code of Civil Procedure.

Yaghoobia arise from a dispute over real property and are not based on any protected activity.

The trial court determined Gentino's lawsuit is based on "a private ownership dispute regarding a private residential property," not protected activity. The court denied the motion to strike. Yaghoobia timely appealed.

## DISCUSSION

## I. Legal Principles and Standard of Review

"To combat lawsuits designed to chill the exercise of free speech and petition rights (typically known as strategic lawsuits against public participation, or SLAPPs), the Legislature has authorized a special motion to strike claims that are based on a defendant's engagement in such protected activity. (See Code Civ. Proc., § 425.16, subd. (a).)" (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060 (*Park*).)

The resolution of a special motion to strike under section 425.16 involves two steps. First, the court must determine "whether the plaintiff's claims arise from protected activity." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).) A claim arises from protected activity "when that activity underlies or forms the basis for the claim." (*Park*, *supra*, 2 Cal.5th at p. 1062.) "The defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." (*Bonni*, at p. 1009.) If the defendant carries this burden, the plaintiff must then demonstrate the challenged claims have at least minimal merit. (*Park*, at p. 1061.)

Our review is de novo. (*Park*, *supra*, 2 Cal.5th at p. 1067.) "We exercise independent judgment in determining whether,

3

based on our own review of the record, the challenged claims arise from protected activity." (*Ibid*.) We consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

## II.  Yaghoobia Has Not Established Gentino's Claims Arise from Protected Activity

A claim arises from protected activity only "when that activity underlies or forms the basis for the claim." (*Park*, *supra*, 2 Cal.5th at p. 1062.) Yaghoobia seeks to strike the three causes of action in Gentino's complaint asserted against him: the second cause of action for partition, the third cause of action for breach of constructive trust, and the fourth cause of action for an accounting of income and expenses relating to the property. The activity underlying each of these claims is Yaghoobia's ownership of real property and his management of income and expenses from that property. Yaghoobia does not argue this was protected activity within the meaning of section 425.16, subdivision (e).

Instead, Yaghoobia contends the claims against him are identical to the claims in Gentino's earlier lawsuit, which itself constitutes protected petitioning activity. Yet, "the mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) That Gentino filed the second complaint "to allegedly remedy the standing issue" that led to the earlier complaint's dismissal does not make the first litigation the basis of the claims in the second complaint. The instant lawsuit references Gentino's earlier complaint only in passing as prior related litigation. The prior litigation does not form the basis of the

4

claims Yaghoobia seeks to strike.  Rather, both complaints concern the same non-protected activity, namely Yaghoobia's refusal to partition the property and his alleged wrongful disbursement of the property's income.

Yaghoobia "has not carried [his] burden of showing 'the defendant's conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e).' [Citation.]"  (*Park, supra*, 2 Cal.5th at p. 1073.) Accordingly, we need not reach the second step of the special motion to strike inquiry.

**DISPOSITION**

The trial court order denying Yaghoobia's special motion to strike is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

BERSHON, J.*

_____

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.